children, and Eliza died in 1882. The plaintiffs in this action are the children of Letitia Soper, wife of Enoch Soper, who was a daughter of the testator, to whom he gave a legacy of $25, and consequently the plaintiffs are two of the six grandchildren of the testator who were living at the death of his daughter Eliza. The defendants derived their title from the grandchildren of Eliza, and their contention is that the descendants of Eliza succeeded to the title under the word "issue," while the plaintiffs claim that by the word "issue" the testator meant "children." The determination of the appeal, therefore, depends upon the ascertainment of the intention of the testator in the use of the word "issue" where it is employed in this will. It is a flexible word, whose signification is sufficiently broad to include remote offspring. It denotes "descendants" much more naturally than the word "children," and, if the testator had intended to give the property to the immediate issue of his daughter, he would have used the term "children" to manifest that design.

One fact remains yet unnoticed. The second item of the will of Thomas Poole is this: "I give and bequeath unto Letitia Soper, the wife of Enoch Soper, of Williamsburgh, in the town of Bushwick, in the said county of Kings, the sum of twenty-five dollars as a small memento of my esteem." Letitia Soper was a daughter of the testator, as the parties admit, but the disclosure of the fact was studiously avoided by him in this bequest. The third clause commences thus: "I give and bequeath unto my two daughters, Margaret and Sarah, all my household and kitchen furniture." The marked contrast between the two bequests shows a careful and considerate use of words. Then by the next four items of his will the testator divided his real property into four parts, and gave a life estate in each fourth to each of his four daughters, Mary, Eliza, Margaret, and Sarah, and the fee to their lawful issue. Thus the testator excluded his daughter Letitia from any share of his real property, and divided it between his four daughters for their use and enjoyment during their respective lives, with a limitation over in favor of their issue; and it is a natural conclusion that he intended to give the share apportioned to each daughter for life to their offspring, immediate or remote, and not to the descendants of the child excluded. We conclude, after a careful examination and consideration of the case, that the testator designed that the real property which he left in trust for each of his four daughters should at their deaths respectively go to their descendants. We have not examined the question in the light of authority, because its solution depends so much upon the intention of the testator in the use of the word that we can derive but little aid from adjudicated cases. The judgment should be affirmed, with costs.

---

### FAIRCHILD v. McMAHON.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

VENDOR AND PURCHASER—FALSE STATEMENT OF CONSIDERATION—FORECLOSURE OF PURCHASE-MONEY MORTGAGE.

> Where the purchaser of property for $7,000 reserves the right to name the consideration thereof in the conveyance to herself, and accordingly states such consideration therein to have been $12,000, and a few weeks afterwards, through her agents, in selling the property, falsely exaggerates the consideration paid by her, such exaggeration is a good defense to an action to foreclose a mortgage taken by her on the property so sold, for part of the purchase price, and, where the amount of the exaggeration exceeds the debt secured, the mortgage is thereby discharged.

Appeal from special term, Kings county.

Action by Clara Fairchild against Lucy Ann McMahon to foreclose a mortgage given by defendant to secure a difference in plaintiff's favor on the exchange of certain premises. The defense was a fraudulent representation by

plaintiff and her agents as to the value of her property taken by defendant in exchange. From a judgment for defendant, plaintiff appeals. Affirmed.

The opinion of Mr. Justice CULLEN at special term was as follows·

"I cannot resist the conclusion that, in the exchange of properties on which the mortgage in suit proceeded, the defendant was imposed upon. A mere statement of value, though stated as fact and made fraudulently, does not give a right of action. *Ellis* v. *Andrews*, 56 N. Y. 83. But a statement of the price paid by the vendor, as well as statements of other facts affecting the value, if false and fraudulent, will give a right of action. Here, if the facts be as testified to by defendant's husband, there was a direct, positive statement of the price paid by the vendor, and her purchase was but a few weeks prior to the sale to the defendant. The price paid at so recent a purchase might well affect the defendant's judgment as to value. But artifice was used to aid this result. In the deed to the representative of the real owner and vendor to defendant, the consideration was stated as $12,000, though but $7,000 was the true price, and the right to dictate the consideration to be expressed in the deed was expressly reserved to the vendee in the contract of purchase. This could have been done with but one object,—to mislead subsequent purchasers as to the true price. As to the question of fact, I find that in favor of the defendant. While defendant's case rests on the testimony of her husband alone, and that is contradicted by the agent, Benner, Benner is in conflict with several other witnesses, and, as already stated, the insertion of the exaggerated consideration in the deed confirms the statement of McMahon. The vendor was liable for the fraud of her agent. *Krumm* v. *Beach*, 96 N. Y. 398. I find also that the value of the property did not exceed from $7,000 to $8,000, and the defendant, relying upon the statement of the agent, believed it to be at least $12,000, and that hence she was damaged in a greater sum than that represented by the mortgage in suit. Judgment for defendant, with costs."

Argued before BARNARD, P. J., and DYKMAN, J.

*Merrill & Rogers*, (*Geo. C. Holt* and *Payson Merrill*, of counsel,) for appellant. *McMahon & Handley*, (*W. D. Veeder*, of counsel,) for respondent.

DYKMAN, J. The judgment in this action should be affirmed on the opinion of the trial judge at the special term, with costs.

---

### IVES *v.* RANGER *et al.*

(*Supreme Court, General Term, Second Department.* July 22, 1892.)

SPECIAL JURY—WHEN DENIED—EVIDENCE.

Plaintiff in ejectment claimed as heir at law, and defendant claimed under a will of plaintiff's ancestor, which plaintiff attacked as having been obtained by fraud and undue influence. There had been a similar action between other parties, in which the jury failed to agree. The case was of no public importance, had excited no public interest, there was no fear of any inability to obtain an impartial jury, and no claim of unfairness on the former trial was made. *Held,* that plaintiff's motion for a special jury was improperly granted.

Appeal from special term, Westchester county.

Action by Margaret S. Ives against Gustave Ranger and others. From an order for a special jury, defendants appeal. Reversed.

Argued before BARNARD, P. J., and DYKMAN and CULLEN, JJ.

*Charles F. MacLean*, for appellants. *Emmet & Robinson*, (*Calvin Frost*, of counsel,) for respondent.

DYKMAN, J. This is an appeal from an order made at the special term for a special jury for the trial of this action, and the justification of the order requires us to determine from the papers presented that a fair and impartial trial cannot be had without such a jury, and that the importance and intri-